IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R5, <br><br>    Plaintiff, <br><br> v. <br><br> HARRIS A. PINK and MARTHA PINK, <br><br>    Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 7:18-cv-20 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R5 ("Plaintiff" or "Deutsche Bank"), and files this its *Original Complaint* against Harris A. Pink and Martha Pink ("Defendants"), and would respectfully show the Court as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1.     Plaintiff is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. U.S. Bank USA, N.A.*, 564 F. Supp.2d 261, 263 (S.D.N.Y. 2008).  Deutsche Bank is a corporation incorporated under the laws of New York with its principal place of business in California. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C.

§ 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Therefore, Deutsche Bank is a citizen of New York and California for diversity purposes.

2. Defendant Harris A. Pink is an individual and citizen of the state of Texas. Mr. Pink may be served with process at 4521 Barbados, Wichita Falls, Texas 76308, or at such other place as she may be found. Summons is requested.

3. Defendant Martha Pink is an individual and citizen of the state of Texas. Mrs. Pink may be served with process at 4521 Barbados, Wichita Falls, Texas 76308, or at such other place as he may be found. Summons is requested.

4. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). As of October 27, 2017, the total amount owed on the debt at issue is $256,359.41. Accordingly, the amount in controversy is well in excess of $75,000.00.

5. Venue is proper in this district and division, the United States District Court for the Northern District of Texas, Wichita Falls Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

6. On or about March 29, 2004, Defendant Harris A. Pink ("Borrower") executed that certain Texas Home Equity Adjustable Rate Note (the "Note") in the original principal

amount of $117,000.00 payable to Ameriquest Mortgage Company and bearing interest at the rate of 9.550% per annum.

7. Concurrently with the Note, Defendant Harris A. Pink and Defendant Martha Pink (collectively the "Defendants") executed that certain Deed of Trust (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in certain real property and improvements located in Wichita County, Texas, commonly known as 4521 Barbados, Wichita Falls, Texas 76308 and more particularly described as:

> LOT NO. 14, BLOCK NO. 10, COLONIAL PARK, SECTION D, AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORDED IN VOLUME 21, PAGE 63, WICHITA COUNTY PLAT RECORDS

(the "Property"). The Security Instrument was recorded in the Real Property Records for Wichita County, Texas under Document No. 00043684.

8. Plaintiff is the current owner and holder of the Note and beneficiary of the Security Instrument. Ocwen Loan Servicing, LLC ("Ocwen") services the Loan Agreement for Plaintiff.

9. Under the terms of the Loan Agreement, the Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

10. The Loan Agreement further provides that should the Borrower and/or Defendants fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

11. The Defendants have failed to make payments on the Note and have failed to comply with any and all of the covenants and conditions of the Security Instrument. Notice of default was sent to the Borrower in accordance with section 51.002(d) of the Texas Property Code. The Borrower failed to cure the default, and the Defendants were given notice that the maturity date of the Note had been accelerated, thus making all unpaid principal and accrued interest due and payable.

### III. CAUSE OF ACTION - FORECLOSURE

16. The foregoing paragraphs are incorporated by reference for all purposes.

17. Plaintiff asserts a cause of action for judicial foreclosure against the Defendants. Plaintiff has fully performed its obligations under the Loan Agreement; however, the Defendants have failed to make the payments required under the Note, which constitutes an event of default.

18. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

19. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against the Borrowers for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against the Defendants personally.

20. All conditions precedent have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R5, requests that the Defendants be cited to appear and answer, and that, upon final hearing, Plaintiff have and recover a judgment against them allowing it to proceed with foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney's fees and all costs of suit. Plaintiff further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**GORDON W. GREEN**
Texas Bar No. 24083102
ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*