IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R5, <br><br> Plaintiff, <br><br> v. <br><br> HARRIS A. PINK and MARTHA PINK, <br><br> Defendants. | Civil Action No. 7:18-cv-00020-O-BP |

**ORDER**

The United States Magistrate Judge issued an order granting in part and denying in part Defendants' Motion to Compel Discovery. *See* Order, ECF No. 31. Before the Court are Plaintiff's Objections to the Motion to Compel (ECF No. 35), filed November 1, 2018; Defendants' Response (ECF No. 38), filed November 21, 2018; and Plaintiff's Reply (ECF No. 40), filed December 5, 2018. Having considered the objections, briefing, and applicable law, the Court concludes that the Magistrate Judge's Order should be and is hereby **AFFIRMED** and Plaintiff's Objections are **OVERRULED**.

**I. BACKGROUND**

Plaintiff Deutsche Bank National Trust Company brought this foreclosure action against Defendants Harris and Martha Pink.[1] Defendants executed a promissory note in 2004 which was secured by "a security instrument, executed by Borrower and Defendant Martha Pink, as grantors,

---

[1] Unless otherwise noted, these facts are taken from the Magistrate Judge's October 10, 2018 Order. *See* Order, ECF No. 31.

granting a security interest in the real property which is the subject of this matter." Pl.'s Mot. Summ. J. 2, ECF No. 14. The note was modified in 2015 and 2016 (the "loan modifications"). Plaintiff claims Defendants failed to make payments on the modified loan and are now in default. Plaintiff filed a foreclosure action in this Court on February 16, 2018. *See* Compl., ECF No. 1. On September 26, 2018, Defendants filed a motion to compel discovery wherein they seek answers to interrogatories and the production of certain documents. *See* Defs.' Mot. Compel Discovery, ECF No. 21. These requests relate to the aforementioned loan modifications as well as Defendants' loan payment history. *Id.* On October 15, 2018, the Magistrate Judge held a telephonic hearing over the motion. *See* ECF No. 30. The Magistrate Judge issued an order on October 18, 2018, which granted Defendants' requests in part. *See* ECF No. 31. Plaintiff filed objections on November 1, 2018, objecting to each of the requests granted by the Magistrate Judge. *See* ECF No. 35.

## II.   LEGAL STANDARD

### A.   Review of a Magistrate Judge's Order

It is axiomatic that the scope of discovery is within the sound discretion of the trial court. *Hasse v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014). A magistrate judge's determination regarding a non-dispositive matter is reviewed under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364,

395 (1948). In *Arters v. Univision Radio Broadcasting TX, L.P.*, the court explained that "[t]he clearly erroneous standard applies to the factual components of the magistrate judge's decision." No. 3:07–CV–0957–D, 2009 WL 1313285, at * 1 (N.D. Tex. May 12, 2009) (Fitzwater, C.J.); *Tige Boats, Inc. v. Interplastic Corp.*, No. 1:15-cv-0114-P-BL, 2015 WL 9268423, at *2 (N.D. Tex. Dec. 21, 2015) (Solis, J.). Thus, "[i]f a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it." *Tige Boats Inc.*, 2015 WL 9268423, at *2 (citing *Baylor Health Care Sys. V. Equitable Plan Servs., Inc.*, 955 F. Supp. 26 678, 689 (N.D. Tex. 2013) (quoting *Arters*, 2009 WL 1313285, at *1)).

Unlike the factual record, "[t]he legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in his legal conclusions." *Id.* The abuse of discretion standard covers the "vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous." *Id*.

**B.** **Motion to Compel**

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

3

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

The party resisting discovery must specifically show how each discovery request is not relevant or otherwise objectionable. *See Areizaga*, 2016 WL 1305065, at *2-5; *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In responding to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4); *Areizaga*, 2016 WL 1305065, at *3. A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (Ramirez, M.J.) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

Federal Rule of Civil Procedure Rules 26(b)(1) provides that:

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to

4

any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

Under Rules 26(b)(1) and 26(b)(2)(C)(iii), "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . . ." *Areizaga*, 2016 WL 1305065, at *2-5; *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

But "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address . . . the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Areizaga*, 2016 WL 1305065, at *4. Likewise, the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests that requires them to certify that to the best of their knowledge with respect to a discovery request that is not done for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, and that it neither be unreasonable nor unduly burdensome or expensive, considering the needs of the case,

5

prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see Areizaga*, 2016 WL 1305065, at *4; *Heller v. City of Dallas*, 303 F.R.D. 466, 475–77, 493–95 (N.D .Tex. 2014) (Horan, M.J.).

III. **ANALYSIS**

A. **The Magistrate Judge's Conclusions and Plaintiff's Objections**

Plaintiff primarily objects to the Magistrate Judge's finding that Defendants' discovery requests—which relate to modifications and payments on the note underlying the foreclosure—are relevant and proportional to the needs of this case. Pl.'s Obj. ¶ 14, ECF No. 35. Plaintiff also asserts the Magistrate Judge failed to examine Defendants' motives for seeking a motion to compel. *Id.* at ¶ 15. Plaintiff contends the Magistrate Judge should have inferred that Defendants sought the motion in bad faith, intending to use the motion as a tool to help develop possible defenses. *Id.* at ¶ 16. Finally, Plaintiff argues that the discovery requested by Defendants is not related to any pleaded counter-claims or affirmative defenses. *Id.*

1. Interrogatory Numbers 1 and 3

The Magistrate Judge Granted Defendants' Motion to Compel with respect to interrogatories 1 and 3. Order 4, ECF No. 31. Interrogatory 1 seeks the identity of each employee, agent, or representative personally involved with the loan modifications. *See* Pl.'s App. Supp. Obj. (Defendants' Discovery Requests), App. 10, ECF No. 35-1. Interrogatory 3 seeks a complete loan payment history. *Id.* at App. 13. The Magistrate Judge ruled that Plaintiff did not make specific objections to interrogatory 1 and that Defendants' request was relevant, narrowly tailored, and not unduly burdensome. Order 4, ECF No. 31. Plaintiff objects to the ruling on interrogatory 1 because:

6

- The ruling is not proportional to the needs of the case because it allows Defendants to access personal information regarding current and former employees of Ocwen.
- The loan modifications themselves are sufficient to determine their terms and other evidence about the modifications is irrelevant.
- Seeking employee information is overly broad to learn about the loan modifications.

Pl.'s Obj. ¶ 18–19, ECF No. 35.

The Magistrate Judge also found that Defendants' requests regarding interrogatory 3 were not overly broad. Plaintiff argues the Magistrate incorrectly concluded interrogatory 3 was relevant, reasonable, and narrowly tailored to the needs of the case. Pl.'s Obj. ¶ 30, ECF No. 35.

2. Request for Production Numbers 2, 4(a), 5–9, and 11–13

The Magistrate Judge granted Defendants' Motion to Compel with respect to requests for production 2, 4(a), 5–9, and 11–13. Request 2 includes job descriptions for employees involved with the loan modifications. *See* Pl.'s App. Supp. Obj. (Defendants' Discovery Requests), App. 11, ECF No. 35-1. Request 4(a) includes communications between Plaintiff and third-party agents who are not employees but were involved in the loan modifications. *Id.* Requests 5–9 include communication and other records related to the loan modifications. *Id.* at App. 12–14. Requests 11–13 include written communications between Plaintiff and Defendants about the loan modifications as well as other internal written communications about the loan modifications. *Id.* at App. 15.

The Magistrate Judge ruled that request 2 was relevant and not overly broad or unduly burdensome; that requests 4(a), 5, and 6 were relevant to the loan modifications and were narrowly

7

tailored; and that requests 7–9 and 11–13 were relevant and not unduly burdensome. *See* Order 5–7, ECF No. 31. Plaintiff argues the Magistrate Judge erred in granting Defendants' Motion to Compel because:

- Granting requests 2, 4(a), 5, and 6 allows Defendants to access more information about Plaintiff's employees and communications with third parties than is necessary to understand the loan modifications.

- Granting requests 7–9 allows Defendants to access all of Plaintiff's internal documents and phone recordings related to the loan modifications. Plaintiff argues the requested evidence is not relevant and the ruling is not narrowly tailored.

- Granting requests 11–13 allows Defendants to access more information about the loan modifications than necessary to answer Defendants' requests for production.

Pl.'s Obj. ¶ 21–28, ECF No. 35.

### B. The Magistrate Judge's Rulings are Affirmed

After reviewing Plaintiff's objections, it is clear that each objection involves legal—rather than factual—conclusions by the Magistrate Judge. Accordingly, the Court reviews Defendants' objections *de novo* to determine whether the Magistrate Judge's legal conclusions were contrary to law. *Tige Boats Inc.*, 2015 WL 9268423, at *2. Plaintiff's objections listed above are easily categorized into three repeated arguments: (1) Defendants' discovery requests are irrelevant to claims or defenses at issue in this case; (2) Defendants' discovery requests are not proportional to the needs of the case; and (3) Defendants' discovery requests are impermissible because they do not relate directly to a defense pleaded by Defendants. The Court examines each in turn.

1. Relevance and Proportionality

Plaintiff argues that the Magistrate Judge failed to properly curtail Defendants' discovery requests and erred by ruling the requests are relevant and proportional to the case. "First, with respect to relevance…the threshold for relevance in discovery matters is extremely low. So long as discovery is 'reasonably calculated to lead to the discovery of admissible evidence,' it is relevant." *United States v. Tools & Metals, Inc.*, 2011 WL 856928, at *2 (N.D. Tex. Mar. 11, 2011) (citing FED. R. CIV. P. 26(b)(1)). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017) (Horan, J.).

Here, each of Defendants' discovery requests relate to circumstances surrounding the modification of a loan. Defendants ultimately failed to satisfy their obligations under that loan and Plaintiff moved to foreclose on the home that secured it. Not only are the circumstances surrounding the loan modification relevant, they are *directly* related to Plaintiff's foreclosure claim.[2] Accordingly, the Court rejects Plaintiff's argument that the discovery Defendants seek to compel is irrelevant.

---

[2] Further, the Magistrate Judge correctly relied on Fifth Circuit precedent when overruling Plaintiff's general objections to relevance, stating that "[t]he party resisting discovery must state objections specifically and general objections such as 'overly broad, burdensome, oppressive, and irrelevant' are insufficient to state a successful objection." Order 3, ECF No. 31 (citing *McLeod, Alexander, Powel, & Apfel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citations omitted).

Second, with respect to proportionality, under Rule 26(b)(2)(C) the Court carries a responsibility to limit discovery in certain circumstances, but "a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with *specific information* to address— insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Samsung*, 321 F.R.D. at 284 (emphasis added) (citing *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017)) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").[3] As previously stated, "[a] party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* at 463; *Merrill*, 227 F.R.D. at 477; *Brady*, 238 F.R.D. at 437. The evidentiary requirement exists because Rule 26(b)(1) is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. *Carr v. State Farm Mut. Auto. Ins. Co.,* 312 F.R.D 459, 468 (N.D. Tex. 2015) (Horan, M.J.).

---

[3] *See also Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (Horan, M.J.) ("A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive…this requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden…Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate.")

Here, Plaintiff has not produced any affidavits or other evidence supporting its proportionality objections. Accordingly, the Court finds that the Plaintiff has not met its burden to resist Defendants' discovery.

### 2. Discovery Related to Pleadings

Plaintiffs also argue that the Magistrate Judge erred because the discovery sought by Defendants is not related to a counter-claim or defense pleaded by Defendant. Pl.'s Obj. ¶ 16, ECF No. 35. But Defendants did "deny that Plaintiff has the right to foreclose upon the real property which allegedly secures the repayment of a debt pursuant to a secured lien." Answer 2, ECF No. 7. And, notably, the text of Rule 26(b)(1) does not require Defendant to seek discovery related *only* to its pleaded defenses. Rather, the rule holds that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant *to any party's claim or defense*." FED. R. CIV. P. 26(b)(1); *see also Areizaga v. ADW Corp.*, 314 F.R.D. 428 (N.D. Tex. Apr. 4, 2016) (granting a *Defendant's* discovery requests which were relevant to *Plaintiff's* claims). Here, each of Defendants' requests relate to the loan modifications. And as explained above, the loan modifications are clearly relevant to the claims and defenses pleaded in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections are hereby **OVERRULED.** Plaintiff is **ORDERED** to comply with the Magistrate Judge's Order to answer Defendants' interrogatories and requests at issue by **February 14, 2019.**

**SO ORDERED** on this **31st day** of **January, 2019.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**