IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R5, | § § § § § § § | |
| Plaintiff, | § § | Civil Action No. 7:18-cv-00020-O |
| v. | § § | |
| HARRIS A. PINK and MARTHA PINK, | § § § | |
| Defendants. | § | |

**AGREED JUDGMENT**

Before the Court is the Parties' Joint Motion for Entry of Agreed Judgment (the "Motion") filed by Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R5 ("Plaintiff" or "Deutsche Bank") and Defendants Harris A. Pink and Martha Pink ("Defendants" and together with Plaintiff as the "Parties"). *See* Joint Motion, ECF No. 69.

After considering the Motion and the agreement of the Parties reflected therein, the Court enters an order as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion is granted in its entirety.  It is further,

**ORDERED, ADJUDGED, AND DECREED** that that certain Texas Home Equity Security Instrument (First Lien), dated March 29, 2004, signed by Harris A. Pink and Martha Pink and recorded as Document No. 00043684 in the real property records of Wichita County, Texas (hereafter "Security Instrument"), provides Deutsche Bank, as the mortgagee of the Security

1

Instrument, in the event of a default on the obligations on the Note, with a first lien security interest

on that certain real property commonly known as 4521 Barbados, Wichita Falls, Texas 76308

("Property"), and more particularly described as follows:

> LOT NO. 14, BLOCK NO. 10, COLONIAL PARK, SECTION D,
> AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA
> COUNTY, TEXAS, ACCORDING TO THE PLAT OF
> RECORDED IN VOLUME 21, PAGE 63, WICHITA COUNTY
> PLAT RECORDS (the "Property").

It is further,

**ORDERED, ADJUDGED, AND DECREED** that Deutsche Bank is the current

beneficiary of the Security Instrument, which remains a valid lien on the Property.  It is further,

**ORDERED, ADJUDGED, AND DECREED** that the following are secured by the

Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees;

pre-judgment interest; post-judgment interest; and costs of court.

**ORDERED, ADJUDGED, AND DECREED** that due to event of default on the Note,

Plaintiff, or its successors or assigns, may enforce its Security Instrument against the Property

through non-judicial foreclosure of the Property, as provided in the Security Instrument and

§ 51.002 of the Texas Property Code, no earlier than July 1, 2019.  It is further,

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff may further communicate

with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale. It is

further,

**ORDERED, ADJUDGED, AND DECREED** that all costs are to be taxed against the

party which incurred said costs.  It is further,

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff is awarded attorney's fees and costs, to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). It is further,

**ORDERED, ADJUDGED, AND DECREED** that this judgment is without recourse for personal liability against either Defendant as provided in Article 16, Section 50(a)(6)(C) of the Texas Constitution. It is further,

**ORDERED, ADJUDGED, AND DECREED** that any relief not specifically granted in this Judgment is **DENIED** and any party not otherwise disposed of is **DISMISSED**. This is a final judgment, disposing of all parties and all claims and may be appealed by any party hereto. All for which let execution issue.

**SO ORDERED** on this **9th day** of **April, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**